WINFAS, INC., D/B/A RADIO STATIONS WJNC-WRCM OF JACKSONVILLE, N.C. v. REGION P HUMAN DEVELOPMENT AGENCY

No. 824DC1225

(Filed 1 November 1983)

### State § 1.1— Human Development Agency—subject to Open Meetings Law

The Region P Human Development Agency, which was established by resolution of the Onslow Board of Commissioners, is a public body subject to the Open Meetings Law, G.S. 143-318.9 *et seq.*, notwithstanding it has been incorporated under the Nonprofit Corporation Act. G.S. 143-318.10(b)(2).

WINFAS, Inc. v. Human Development Agency

APPEAL by defendant from *Erwin, Judge.* Judgment entered 4 June 1982 in ONSLOW County District Court. Heard in the Court of Appeals 19 October 1983.

Plaintiff brought this action to force defendant to give public notice of its meetings. Plaintiff cited numerous occasions on which defendant held meetings without giving the public notice required by G.S. § 143-318.12. Defendant argued that it was not a "public body" as defined in G.S. § 143-318.10, so it was not subject to the open meeting laws of G.S. §§ 143-318.9 to -318.18. Plaintiff's evidence tended to show that defendant exercised administrative functions, consisted of two or more members, and was created by a 1964 resolution of the Onslow County Board of Commissioners. Defendant's evidence tended to show that it was a nonprofit corporation organized for charitable and educational purposes. Since its inception, defendant has received federal and state funds which it has administered through programs like Headstart, Community Service Block Grants, CETA, and Housing and Urban Development projects.

The trial court concluded that defendant is a public body subject to the open meeting laws of G.S. §§ 143-318.9 to -318.18. From a judgment enjoining defendant from holding further official meetings without giving public notice as required by G.S. § 143-318.12, defendant appealed.

*Gaylor, Edwards, and McGlaughon, by H. King McGlaughon, Jr., for plaintiff.*

*Collins and Howard, by Jill R. Howard, for defendant.*

WELLS, Judge.

North Carolina requires as a matter of public policy that public bodies conduct their business openly. G.S. § 143-318.9. "Public body" is defined in G.S. 143-318.10 as:

. . .

(b) . . . any authority, board, commission, committee, council, or other body of the State, or of one or more counties . . . that is composed of two or more members; and

(1) Exercises or is authorized to exercise a legislative, policy-making, quasi-judicial, administrative, or advisory function; and

(2) Is established by . . . (iv) an ordinance, resolution, or other action of the governing board of one or more counties . . . .

Defendant contends that it does not fall within the statutory definition of a public body because it was established pursuant to the Nonprofit Corporation Act of G.S. §§ 55A-1 to -89.1.

Defendant was established by resolution of the Onslow County Board of Commissioners who appointed defendant's initial board of directors and therefore falls squarely within the G.S. § 143-318.10(b)(2) definition of a public body. The later incorporation of defendant under the Nonprofit Corporation Act did not change its basic character or purpose or operation. The incorporation of defendant has not altered its existence as a public body. In *The News and Observer Publishing Co. v. Wake County Hospital System, Inc.*, 55 N.C. App. 1, 284 S.E. 2d 542 (1981), *pet. for disc. rev. den.*, 305 N.C. 302, 291 S.E. 2d 151 (1982), *pet. cert. den.*, 459 U.S. ---, 103 S.Ct. 26, 74 L.Ed. 2d 42 (1982), this court held that where a county hospital had "undergone little more than a change of name through incorporation" then it continued to be an agency of the county. The same reasoning applies in this case. To hold otherwise would eviscerate the public policy of G.S. § 143-318.9 by allowing public bodies to hold secret meetings due to a superficial change in their legal form.

The judgment of the trial court is in all respects,

Affirmed.

Chief Judge VAUGHN and Judge JOHNSON concur.